VIRGINIA ADAIR ET AL. v. THOS. S. HARE ET AL.                    <span style="float:right">73   273<br>76   497</span>

No. 2568.

1. **Homestead—Charge of Court.**—See opinion for a charge regarding the partition of a homestead the legal effect of which is construed and held not erroneous.

2. **Presumption—Community Property.**—In a suit involving the claim of an heir inheriting from a deceased mother a community interest, and which is brought against the surviving father, it will be presumed that personal property delivered to the heir by the father after the mother's death was intended by him as a delivery of that much of the heir's interest in the community estate. In partition of the inherited community estate between several heirs of the mother, each is chargeable with the value of one-half the community property received during the mother's life.

3. **Homestead—Partition—Judgment.**—In a suit involving the rights in the rural homestead of Thomas J. Hare and his minor children, Pearl D. and Ruby Hare, after the death of their mother who had a community interest in the same, the judgment provided that the "said tract of two hundred acres shall not be partitioned so long as it remains in law the homestead to Thos. J., Pearl D., and Ruby Hare, or any one or more of them, during which time the said three defendants last named are entitled to the possession thereof." *Held,* that the judgment must be construed to mean that the homestead should not be partitioned so long as the father alone or with his minor children should use and occupy it as such, or so long as a Probate Court, in the event of the father's death, would permit the guardian of the minors named to use it as a homestead.

4. **Judgment.**—A judgment based on evidence conflicting in its character will not be disturbed on appeal.

5. **Advancements—Offsets.**—After the death of the mother advancements were made out of the community property by the father to a married daughter. The daughter's husband holding an account against her father and his minor children accruing after such advancement can not offset such account against the advancement so made to his wife.

APPEAL from Harris. Tried below before Hon. James Masterson.
The opinion states the case.

*Geo. H. Breaker,* for appellants:—Upon the death of both the husband and wife the children are entitled to a partition of the homestead unless the Probate Court having charge of the estate of the minor children shall make an order permitting the guardian to use and occupy the same; and the mere fact that the minor children remain in possession of the homestead and occupy it as such will not prevent the partition. Const. 1876, art. 16, sec. 52.

Virginia G. Adair, in a partition between her and her brothers and sisters of her mother's half of the community, can not be charged by way of advancement with property given her by her father since the death of her mother, whether such property be cattle, horses, or land; but such property so given her by her father since the death of her mother if intended by him as an advancement will be so charged to her as an advancement when upon his death his estate is divided among his children. Rev. Stats., art. 1651; Holliday v. White, 33 Texas, 447; Osgood v.

Breed's Heirs, 17 Mass., 355; Jackson v. Matsdorf, 11 Johns., 91; Dillman v. Cox, 23 Ind., 440; 2 Blacks. Com., 517; Lovel. on Wills, 140.

Property given to Virginia G. Adair by her father ought not to be deducted from her share of her mother's half of the community property without evidence that property so given her was community property of her father and mother.

*Frank S. Burke,* for appellees.—Upon the death of a surviving husband or wife leaving minor children there no longer "remains in law the homestead" of the minors.    Const. 1876, art. 16, sec. 52.

The law does not require nor contemplate that any heir shall be compelled to return all property identically which has previously been advanced to him, but upon proof of the value of such advances at the time they were made, such value is deemed a portion of the estate to be divided and is properly chargeable to the heir or heirs who have received it.    Rev. Stats., arts. 1651, 1653, 2853; French v. Strumberg, 52 Texas, 92; Wilson v. Helms, 59 Texas, 682.

HOBBY, JUDGE.—Appellants brought this suit for the partition of certain real and personal property against the appellee Thomas J. Hare, the father of appellant Virginia Adair, and his minor children John T., Pearl D., and Ruby Hare, and Phil W. and Amanda Hudson, grandchildren of said Thomas J. Hare.

The property sought to be partitioned constituted the community estate of appellee Thomas J. Hare and his deceased wife Amanda, the mother of said Virginia and of appellees, the said minors.    The appellant Virginia was joined in the suit by her husband J. B. Adair.

The answer set forth and attached an exhibit showing the property owned by the defendant Thomas J. Hare and his wife at her death and the amount sold by him since, amounting to about $2361.20, and the disbursements made by him in payment of the community debts to the extent of $2333.33, and alleging that "he had made advances to the plaintiff Virginia on account of her interest in her mother's estate in the sum of $1860." A supplemental answer attaching an additional list of community property sold by the defendant amounting to $125.50 was also filed.

Plaintiff denied that the alleged advances constituted a proper charge against her, prayed for partition of all the property set forth in the answer, and attached an account for board and medical services furnished and rendered by J. B. Adair to the minors and Thomas J. Hare in the sum of $832, asking that it be credited to plaintiff's interest in the estate and charged against the remainder of said estate.

The defendant denied the account for board and medical services ex-

cept about $35, and pleaded in setoff an account for cash, material, and supplies in the sum of $202.65 furnished plaintiffs by him.

Other parties alleging a joint interest in the lands claimed as the community property of Thos. J. and Amanda Hare filed pleas asking that their rights be protected in the partition. Any further reference to these parties is unnecessary as their rights are not involved.

The court rendered judgment ascertaining the interests to which the plaintiffs and defendants were respectively entitled. Only such portions of the decree as are complained of and as are necessary to a proper understanding of the assignments will be noticed.

After designating the tract of 200 acres constituting the homestead of defendant Thos. J. Hare and his wife Amanda, and vesting in the parties to this suit their respective interests therein, the judgment provided: "But said tract of 200 acres shall not be partitioned so long as it remains in the law the homestead to Thos. J., Pearl D., and Ruby Hare, or any one or more of them, during which time the said three defendants last named are entitled to the possession thereof."

This is assigned as error and contrary to the law and the evidence, and the proposition under it is: "That upon the death of both husband and wife the children are entitled to a partition of the homestead, unless the Probate Court having charge of the estate of the minor children shall make an order permitting the guardian to use and occupy the same; and the mere fact that the minor children remain in possession of the homestead and occupy it as such will not prevent the partition."

The objection to the judgment seems to be that it in effect prohibits a partition of the homestead as long as it is used and occupied by the minors as such, whereas it is subject to partition unless the Probate Court having charge of the estate of the minor children shall make an order permitting its use and occupancy as a homestead.

No objection is raised on the ground that the homestead did not go into the partition of the estate, and by the words "shall remain in law the homestead" contained in the judgment of the court we understand to be meant that the homestead is directed not to be partitioned so long as the father alone or with his minor children may use and occupy it as such, or so long as a Probate Court in the event of his death may permit the guardian of the minor children to use it as a homestead for them, and not that the minors shall have the right when they become of age to use it, or upon the refusal the Probate Court to permit a guardian to occupy it as a home.

The right of the plaintiff as an heir to partition the homestead is subject to the right of its use and occupation by the surviving parent and the minor children. And so long as it is so occupied, whether by order of the Probate Court having charge of the estate of the minors or not,

permitting its use and occupancy, it can not be partitioned or divested. of its homestead character.

Under the fifth assignment it is contended that the advances made to Virginia Adair by her father since the death of her mother are not chargeable to her as against her share or interest in the community estate without proof that the property so advanced was the community property and that they did not constitute advancements made from the separate estate of her father, the appellee. The evidence sufficiently establishes the fact that all of the advancements made to or received by her were a part of the community.

The fact that cattle and horses were delivered to her after the death of her mother, and that the deed to the land was executed after that event, would authorize the presumption that the father intended she should receive it as a part of her interest in her mother's community estate. It is true it appears that a few cows and horses were delivered to her before the death of her mother, but the value of them is not shown, and the court would have been authorized to find that the property received by her after the death of her mother was of as great value as the sum for which she was charged. Under this state of facts we can not say that she was charged with anything received during the life of her mother. As between herself and the other heirs of her mother she would be chargeable with one-half of the value of the community property received during the life of her mother.

If any part of the advancements were from the separate estate of appellee it is not shown by the evidence. In answer to the seventh assignment, to the effect that the appellant is charged $1200 as the value of the cattle, horses, and land advanced, whereas the evidence shows the value thereof not to exceed $1100, it is sufficient to say that the testimony as to the value was conflicting, and there was testimony from which the court might have ascertained their value to be greater than twelve hundred dollars.

The sixth assignment complains that the judgment appraises the value of the fifty-acre tract of land advanced to the plaintiff instead of directing the commissioners to appraise it along with the rest of the property directed to be appraised.

There was no necessity for the commissioners in this case to appraise this land, because it constituted no part of the property which they were to partition. It was admitted that the title to this land was in the plaintiff Virginia Adair. The statute does not require the court to have the commissioners appraise the value of real property which they are not required to divide. In this case, as the land belonged to the plaintiff, the commissioners were not required to make and could not make any report with reference to it with a view to partition.

We do not think the account filed by the appellant J. B. Adair for

medical services and board furnished the minors and to Thomas J. Hare constituted a claim in favor of Virginia Adair which could be available to her as a charge against the community property sought to be partitioned, or that it could be pleaded as a set-off against advancements made to her out of the community estate. This account appears to be one held by J. B. Adair against appellee Thomas J. Hare and the minors. If it constituted a claim in favor of appellant J. B. Adair against the community estate of appellee Thomas J. Hare and his wife, or against the minors, or against appellee Hare, it would not in either event be a claim with which the appellant Virginia Adair would be entitled to be credited in a suit seeking a partition of her interest in the community property of appellee Thomas J. Hare and his wife. And we do not think the court erred in not allowing it as such.

We think the judgment should be affirmed.

*Affirmed.*

Adopted March 12, 1889.