## HOYLE et al. v. REPUBLIC INS. CO.
### (No. 1200—5206.)

Commission of Appeals of Texas, Section A. March 20, 1929.

J. W. Hassell and F. J. Scurlock, both of Dallas, for plaintiffs in error.

Hamp P. Abney, of Sherman, and E. G. Senter, of Dallas, for defendant in error.

HARVEY, P. J. This suit was brought by J. F. Hoyle to recover on a fire policy issued by the Republic Insurance Company to R. C. Hoyle, who is named as the insured in the policy. J. R. Fleming was also made a party defendant in the suit; the plaintiff alleging that he held a vendor's lien note against the insured property and was entitled to receive the amount of the note from the proceeds of the policy. Mrs. R. C. Hoyle, joined by her husband, R. C. Hoyle, intervened and set up claim in her separate right to a part of the proceeds of the policy.

The building covered by the policy and the town lot upon which it stood were purchased by R. C. Hoyle, and title thereto taken in his name, some time before the policy issued. The sum of $2,000 of the purchase money was paid from the separate funds of Mrs. Hoyle. and the balance, amounting to $750, was paid from community funds. At the time the policy issued, the building and lot were used and occupied by R. C. Hoyle and wife as their home. Until after the fire, the insurance company and its local agent were ignorant of the fact that any part of the purchase money for the property was paid from the separate funds of Mrs. Hoyle. After the policy issued, R. C. Hoyle and wife, for the purpose of obtaining a loan on their said homestead, executed a deed to J. F. Hoyle, purporting to convey to him the homestead for a consideration partly cash and partly a vendor's lien note executed to R. C. Hoyle by J. F. Hoyle. This deed to J. F. Hoyle was made, and the note was executed by the latter, for the purpose of enabling R. C. Hoyle to sell the note and thus fix a lien on the property. . None of the parties to the deed intended it really to have effect according to its purport. In the transaction, R. C. Hoyle also transferred to J. F. Hoyle the policy in question. The local agent for the insurance company, with knowledge of the purpose of the above transaction, consented to the purported transfer of the property and policy to J. F. Hoyle, and indorsed the consent of the company on the policy. R. C. Hoyle afterwards sold the J. F. Hoyle note to J. R. Fleming. The agent for the insurance company attached a rider to the policy, which provides that loss under the policy shall be payable to J. R. Fleming as his interest may appear. Afterwards, while the policy was in force, the building covered thereby was totally destroyed by fire.

The policy contains the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured in the property be other than uncon-

ditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The fact that Mrs. Hoyle had an undivided interest in the insured property is relied on by the insurance company to defeat liability under the policy.

The trial court peremptorily instructed a verdict against the insurance company for the amount of the policy; and in favor of Fleming for $1,064.21 of the proceeds, and in favor of Mrs. R. C. Hoyle for the remainder. Judgment was rendered accordingly. None of the parties, except the insurance company, raised any objection to the judgment. The insurance company appealed, and the Court of Civil Appeals reversed the judgment and rendered judgment for the insurance company. 5 S.W.(2d) 602.

■■ When the family homestead is composed wholly or partly of separate property of the wife, the homestead rights of the husband are the same as when the homestead is composed entirely of community property. It has been held, with the approval of the Supreme Court, that the rights of the husband in the community homestead, after the death of the wife, are such as to constitute sole and unconditional ownership of the homestead within the meaning of a policy provision similar to the one now under consideration. Insurance Co. v. Crawford (Tex. Sup.) 16 S. W. 1068. Guided in a great measure by the authority of the case cited, we have concluded that the fact that Mrs. Hoyle had an undivided interest in the building covered by this policy did not render the interest of her husband in the building "other than unconditional and sole ownership," within the meaning of that clause of the policy. The rights of the husband in the family homestead, as such, are peculiar to him, as those of the wife are to her. And, inasmuch as these rights of the husband constitute "ownership" of the home, as is held in the Crawford Case, he must be treated as having "sole" ownership, within the meaning of that term as used in the policy. This ownership is also "unconditional," as meant by that term in the policy. So long as he lives, the husband's rights in the homestead, upon which this "ownership" is based, cannot be taken from him without his consent. His wife, by procuring a divorce, might deprive him of his homestead rights in her separate property; but, even in this, his implied consent to the deprivation would be present as a

result of his furnishing legal grounds for the divorce.

The conclusion we have reached is not regarded as being in any wise in conflict with the decision in Insurance Co. v. Beneke (Tex. Civ. App.) 53 S. W. 98, in which case the writ of error was refused. The policy involved in that case was issued to the wife, and covered the family home which was the separate property of the wife. It was held in that case that the homestead rights of the husband did not prevent the wife's interest in the insured property from being other than sole and unconditional ownership, within the meaning of a policy provision of this sort. That holding by no means implies that the homestead rights of the husband in the family home, which is the separate property of the wife, should be treated as other than sole and unconditional ownership, when the policy is issued to him. For it will not be denied by any well-informed man that the authorities recognize that one person may hold such a claim to or rights in property covered by a policy issued to him as will make him sole and unconditional owner of the property within the meaning of a policy provision of this sort, although the real title to the property be held by another, with consequent sole and unconditional ownership.

■ It is further contended by the insurance company that the trial court erred in awarding Mrs. Hoyle a share in the proceeds of the policy. There was no error in this; her husband having joined in the plea therefor. The rights of the husband and wife, respectively, in the family home at the time it is destroyed, attach to the claim for indemnity arising on an insurance policy thereon, upon the destruction of the property. Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742, Lucas v. Lucas, 104 Tex. 636, 143 S. W. 1153.

We think that the trial court acted correctly in holding the insurance company to liability under the policy and in instructing a verdict against the company.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for the defendant in error be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.