## EUREKA SECURITY FIRE & MARINE INS. CO. v. DE ROSS.

### No. 8598.

Court of Civil Appeals of Texas. San Antonio.
April 22, 1931.

Rehearing Granted May 20, 1931. Appellee's Motion for Rehearing Overruled
July 8, 1931.

T. M. West, Harry L. Howard, and Nat L. Hardy, all of San Antonio, for appellant.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellee.

COBBS, J.

Appellee sued appellant in the county court to recover on a certain fire insurance policy issued to her by appellant on a certain residence, for the sum of $1,000, alleging that the insured property was totally destroyed by fire during the term of that policy, and that appellant was therefore liable to her for the full amount of the policy, with interest at the rate of 6 per cent. from the date of the fire.

The defendant answered (a) that the policy had been canceled at the time of the loss; (b) that Mrs. Margaret De Ross was not the sole and unconditional owner at the time of the fire; and (c) that the policy was void because the building was vacant and unoccupied for a period of ten days or more, in violation of the vacancy clause in said policy.

The case was tried to a jury upon two issues only. (1) Whether or not the fire occurred during the term of the policy, which was answered in the affirmative; (2) whether or not the insurance policy was canceled prior to the fire, which was answered in the negative.

These were issues of fact to be answered, and the jury answered both in favor of the appellee. The case involves no intricate issues of law.

The facts found by the jury clearly establish that the fire originated during the existence of the policy and was a total loss. It is true that Margaret De Ross was not the sole and unconditional owner; still she was handling the property for the true owner as a tenant in common for and with the other owners, having an insurable interest therein, possessing all the rights of the sole owners for whom she was acting.

The evidence showed that the property was bought by Charles Stafford, as a home, on April 30, 1903, and occupied by him and his wife, Betty Stafford, until the year 1913, when Charles Stafford died and left his widow and seven children. Mrs. Margaret De Ross, a widow, was one of the seven children.

Mrs. Stafford testified: "As to why it was insured in her name, she came to live with me to take care of the home property. She had an interest in it. She was one of the seven children and I was not able to do anything, she came to take care of me, and I turned the property over to her." She further testified that in April, 1923, the insurance agent, Ramsey, came out to their home where they were living, inspected the property, and insured it in the name of her daughter, Mrs. De Ross, for three years, and that Mrs. De Ross had always looked after this property and had collected the rents, paid the insurance, and taken care of her.

The court submitted two issues to the jury, which were the only ones pleaded by the defendant, to wit:

"Number One—Did the fire occur prior to noon March 31st, 1928?

"Number Two—Had the policy of insurance been cancelled prior to said fire?"

To question No. 1 the jury answered "Yes," and to question No. 2 the jury answered "No."

Upon these issues and findings of the jury the court gave judgment for the plaintiff for $1,000, with legal interest from the 9th day of July, 1928, being the date the proof of loss was received by the defendant.

Where property is owned and is a homestead, the surviving widow, on the death of her husband, although she owns only an undivided interest in the property, has an insurable interest in it. Hoyle v. Republic Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 816; East Texas Insurance Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; Rolater v. Rolater (Tex. Civ. App.) 198 S. W. 391.

A widowed daughter living with her mother is entitled to a homestead and has an insurable interest. Childers v. Henderson, 76 Tex. 664, 13 S. W. 481.

A homestead is not subject to partition. Hall v. Fields, 81 Tex. 562, 17 S. W. 82.

Possession of one tenant in common is in right of all the other owners. Phillipson v. Flynn, 83 Tex. 583, 19 S. W. 136.

The survivor is entitled to the use of the home. Adair v. Hare, 73 Tex. 275, 11 S. W. 320.

Mr. Ramsey was the agent of the insurance company, and from the statement of facts it appears that policy No. D–75229 insured the property for $1,000 from March 31, 1926, to March 31, 1927, the premium being $15.30.

By policy No. D–76117, dated March 19, 1927, the property is insured for $1,000 from March 31, 1927, to March 31, 1928, and the premium charged was $18. The company undertook to cancel this policy without notice. On March 8, 1927, A. M. Ramsey was collecting the rent and insuring the property, and on that date he collected $33.30 for insurance on this property, as shown by his letter to Mrs. De Ross in which she was demanding her policy; thus we see that the said Ramsey in 1926 for the same policy charged $15.30 and in 1927 he charged $18, and still he collected from Mrs. De Ross on March 8, 1927, the sum of $33.30. He had received for the company $15.30, another year's insurance, and it is not strange, under these circumstances,

that he refused to deliver the policy to A. E. Lowe and that the company failed and refused to place him on the stand on the trial of this case, as he would have been compelled to account for $33.30 instead of $18 stated to be the premium in the policy of insurance dated March 19, 1927. The proof of loss was sent to Dallas to the general agent and received by him July 9, 1928.

The facts sustain the findings of the jury and the judgment of the court. The judgment is affirmed.

### On Motion for Rehearing.

SMITH, J.

It was provided in the insurance contract involved that said policy "shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership," and appellant set up and proved said condition as a defense to appellee's recovery.

The record shows, and it is conceded by appellee, that the insured, Mrs. De Ross, had only an inherited interest in an undivided one-fourteenth of the insured property, which obviously is far short of the "unconditional and sole ownership" required in the contract as a condition to her right to enforce its provisions.

The condition is reasonable, material, valid, and enforceable. It is a contractual warranty which the law enforces. Crescent Ins. Co. v. Camp, 64 Tex. 521; Id., 71 Tex. 503, 9 S.W. 473; Nat. Fire Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531; Fireman's Fund Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920; Niagara Fire Ins. Co. v. Pool (Tex. Civ. App.) 31 S.W.(2d) 850, 852. As was said by our Supreme Court in the case first cited: "Whether the interest of the survivor is legal or equitable, or whether he is or not a trustee, can make no difference, since it seems indisputable that he is not the sole and unconditional owner, for his own use and benefit, upon any authority, or tested by any theory of law. The risk increases as the interest of the assured is lessened, and the condition that the actual interest, if less than that perfect proprietorship described in the policy, shall be stated in the policy, is sustained by greater reason than supports many material warranties in such contracts. But whether reasonable or not can make no difference. The parties have made the agreement and put it in language unambiguous and emphatic; it is neither immoral nor against public policy, and we have been able to discover no law to prevent the consummation of the lawful intent of the parties, plainly expressed."

It is true that an insurer may waive such condition and thereby cut itself off from asserting it as a defense, but no such waiver was pleaded in this case, or submitted to the jury, and therefore appellee did not show herself entitled to recover.

Of course it is true, as appellee contends in her brief, that Mrs. Margaret De Ross had an insurable interest in the property, but that is beside the question presented in the appeal. That question is one of sole ownership only.

Other questions are raised in the appeal, but the one decided above is controlling, while the others, not likely to arise upon another trial, need not be decided or even discussed.

Because appellee did not meet the condition of sole ownership, or plead and establish by jury findings a waiver thereof upon the part of appellant, the judgment must be reversed and the cause remanded.

FLY, C. J.

I concur in the above opinion.

### On Appellee's Motion for Rehearing.

SMITH, J.

It appears from the record that Mrs. De Ross was one of seven children who, together with their mother (the community survivor), constituted the family entitled at one time to the homestead rights in the property afterwards destroyed. The question of homestead was not mentioned in the pleadings, but it is inferable from the evidence that Chas. H. Stafford held the legal title to the property at the time of his death in 1913; that he was survived by his wife and their seven children, who continued to occupy the property as a homestead until 1923, when they moved from the premises and never returned thereto. Five years later the dwelling was destroyed by the fire in question. Mrs. De Ross, a widowed daughter, one of the constituent members of the family, had procured the issuance of a policy of insurance upon the dwelling, in the sum of $1,000, payable to herself individually and exclusively, and, when the property was destroyed by fire in 1928, she instituted this suit individually to recover the amount of the policy in her own behalf. Before the cause was tried, Mrs. De Ross died, whereupon her mother and brothers and sisters were substituted as plaintiffs and prosecuted the suit as the sole surviving heirs of Mrs. De Ross, who, it was alleged, died "intestate, left no debts and no necessity for administration exists." It was further alleged that Mrs. De Ross's mother was entitled to one-half and each of the other substituted plaintiffs one-sixth of whatever sum might be recovered.

Appellees have presented a very able and earnest motion for rehearing, contending

that the interest of Mrs. De Ross was that of "sole and unconditional ownership" of the property destroyed, within the terms of the insurance policy, because that property constituted a homestead and Mrs. De Ross was one of the constituent members of the family enjoying the homestead rights in the property. In support of their contention on rehearing, appellees cite the cases of Horn v. Arnold, 52 Tex. 164; Givens v. Hudson, 64 Tex. 473; Hoyle v. Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 816; East Texas Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; Rolater v. Rolater (Tex. Civ. App.) 198 S. W. 391. When the opinions in those cases are analyzed with reference to this case, however, they do but declare the well-settled rules relating to homestead exemptions, defining the constituents of the family entitled to homestead rights, and establishing the insurable interests of husband and wife, and of community survivors. There is no intimation in them that the insurable interest of any constituent member of the family other than the surviving spouse is that of "sole and unconditional ownership" of the property constituting the homestead.

Appellees' contentions on rehearing are in effect the same as those set up in their brief, and copied with approval in the original opinion herein, as follows:

"Where property is owned and is a homestead, the surviving widow, on the death of her husband although she owns only an undivided interest in the property, has an insurable interest in it. Hoyle v. Republic Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 816; East Texas Insurance Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; Rolater v. Rolater (Tex. Civ. App.) 198 S. W. 391.

"A widowed daughter living with her mother is entitled to a homestead and has an insurable interest. Childers v. Henderson, 76 Tex. 664, 13 S. W. 481.

"A homestead is not subject to partition. Hall v. Fields, 81 Tex. 562, 17 S. W. 82.

"Possession of one tenant in common is in right of all the other owners. Phillipson v. Flynn, 83 Tex. 583, 19 S. W. 136.

"The survivor is entitled to the use of the home. Adair v. Hare, 73 Tex. 275, 11 S. W. 320."

It may be readily conceded, as therein contended by appellees, that the surviving widow has an insurable interest in the family homestead; that a widowed daughter living with her mother in the family homestead has an insurable interest therein proportionate to her estate therein; that a homestead is not subject to partition as long as it is occupied and claimed as such; that the possession of one tenant in common inures to the benefit of his fellow tenants; and that the survivor in community is entitled

to the use of the home. But those rules are all quite beside the question presented and decided in this case, and that is, that the insurable interest of a child of a deceased member of the community, and of the surviving spouse, possessing an inheritable undivided one-fourteenth interest in property once occupied by the family as a homestead, but not so occupied or claimed for a period of five years, is not that of sole and unconditional ownership within the contemplation of the provisions of the insurance policy here in question.

It should be added that it is obvious from the record that the amount of insurance provided for in the policy and made payable to Mrs. De Ross far exceeded the value of her inheritable interest in the property insured.

Appellees' motion for rehearing must be overruled.