## KINDLEY *v.* SPRAKER.

Opinion delivered February 20, 1904.

HOMESTEAD—CONVEYANCE TO WIFE—NONJOINDER.—Act March 18, 1887, providing that no conveyance of the homestead by a married man shall be valid unless his wife joins in the execution, does not require that the wife should join in a conveyance of the homestead from the husband to herself.

Appeal from Benton Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Complaint was filed December 26, 1900, wherein it is alleged that the plaintiff is the duly appointed and qualified guardian of Field Kindley, a minor; that said minor is the sole heir at law of Ella Kindley, deceased; that W. W. Spraker died about the year 1896, leaving him surviving said Ella Kindley, his daughter, and other children; that this ward, who is a grandchild of said deceased, W. W. Spraker, is entitled to an interest in the estate of W. W. Spraker; and the further fact that said ward is the owner of a note held against said estate of W. W. Spraker, now in course of probation. It is further shown that on the 27th day of March, 1889, said W. W. Spraker was the owner in fee of 80 acres of land, described therein; that he executed and delivered a deed of conveyance of the same to his wife, Isadore Spraker, a copy of which is set out. It is further shown that this land was the homestead of W. W. Spraker at the date of executing this deed; that, while the same purported to be for a valuable consideration, it was, as a fact, without consideration; that the defendant, wife of said W. W. Spraker, did not join in the execution of the said deed and acknowledge the same.

Defendant, by her attorneys, filed a general demurrer to the complaint, which was sustained, and the cause dismissed, exceptions taken, and appeal granted to this court.

*C. M. Rice,* for appellant.

The homestead is for the protection of the family. 22 Ark. 400; 24 Ark. 157; 41 Ark. 94; 42 Ark. 541. The deed was a nullity. 57 Ark. 247; 24 Ark. 487; 138 Ill. 649. Statutory restrictions cannot be evaded by the husband. Thomp. Home. § 170; 33 Ark. 435. Both husband and wife must execute the deed. 13 A. & E. Enc. 654; 53 Ia. 494; 43 Mich. 520; 42 N. E. 306; 134 Ill. 647; 33 N. E. 534; 163 Ill. 598. To divest the homestead there must be a literal compliance with the statute. 36 Kan. 644; 12 Cal. 327; 134 Ill. 647.

*McGill & Lindsey,* for appellee.

No actual intent to defraud is alleged. 59 Ark. 614. Appellant had no right to complain. 65 Ark. 373. The conveyance was valid. Thomp. H. & E. § 473; 15 A. & E. Enc. 676; 95 Ala. 241; 36 Am. St. R. 207; 78 Cal. 310; 12 Am. St. Rep. 58; 72 Ia. 608; 53 Ia. 494; 95 Mich. 395; 63 Mich. 111; 21 Neb. 671; 59 Am. St. R. 867; 28 Wis. 84. The conveyance invested the equitable title in Spraker's wife. 15 Ark. 519; 60 Ark. 70; 62 Ark. 26. The defect was cured by curative acts of the legislature. Cooley, Const. Lim. 465; 58 Ark. 117; 66 Ark. 455.

HUGHES, J. (after stating the facts). W. W. Spraker, a married man and the head of a family, owning a tract of land, conveyed the same to Isadore Spraker, his wife, who did not join in the conveyance as required generally by the statute, which provides (Act March 18, 1887) that "no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity, except for taxes, laborers' and mechanics' lien, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same." Was the conveyance valid? We think that the conveyance by the husband directly to the wife, which meets her approval, shows her consent to it, and meets the intent of the act to the same extent as a conveyance by the husband to a third person in which the wife

joins. It seems that it would be unreasonable to believe that the legislature, in passing this act, intended that it should be applied to a conveyance by the husband of a homestead to the wife. In the case of *Park* v. *Park*, 71 Ark. 283, 72 S. W. 993, this court said: "The evident purpose of this statute was to protect the interest of the wife in the homestead by forbidding the husband either to sell or encumber it without her joining in the deed;" and "it is clear, we think, that the husband cannot make any conveyance of his homestead affecting the interest of his wife therein without her consent, for purposes other than those named in the statute." The statute requiring a wife to join with her husband in the deed of the homestead does not prevent his conveying his interest therein to her. *Lynch* v. *Doran*, 95 Mich. 395. "To require a deed from herself to herself would be senseless." *Stevens* v. *Castel*, 63 Mich. 111; Thompson on Homesteads and Exemptions, § 473, says: "The policy of these statutes, which restrain the alienation of the homestead without the wife joining in the deed, is to protect the wife and enable her to protect the family in the possession and enjoyment of a homestead, after one has been acquired by the husband. They are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance." *Turner* v. *Bernheimer*, 95 Ala. 241. The weight of authority sustains this view.

The judgment of the court is sustained and affirmed.