POLK *v.* STEPHENS.

Opinion delivered October 30, 1916.

1. HOMESTEAD—CONVEYANCE TO WIFE.—A conveyance of the homestead property to the grantor's wife and children, without the wife's joining in the deed is valid where the conveyance was approved and accepted by the wife.

2. HOMESTEAD—CONVEYANCE—ERRONEOUS HOLDING OF CHANCELLOR—BONA FIDE PURCHASER.—A grantor conveyed his homestead to his wife and children, the wife not joining in the deed. The chancellor held the deed invalid; but on appeal the cause was reversed, and the decree ordered to be vacated. In the meantime the grantor had conveyed to another party. *Held,* the latter conveyance was invalid, the original conveyance standing.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellees brought suit in ejectment, claiming to be the owners of certain lands in Clay county, of which it was alleged appellant was in the wrongful possession.

They deraigned title from a deed from their father, Wm. Stephens, executed on the 21st day of July, 1898, and alleged that defendant claimed through and under a deed of later date from the same grantor.

Appellant answered denying the allegations of the complaint that the lands were conveyed to appellees by Wm. Stephens on the 21st day of July, 1898, or at any other time and that he was in the wrongful possession thereof. Admitted claiming title under a deed from Wm. Stephens and his wife, executed October 14, 1905, and alleged that the deed under which appellees claimed title was void, the lands conveyed being the homestead of the grantor, and his wife not having joined in the deed thereto as required by law. He then set up the fact that the attempted conveyance by Wm. Stephens of the lands to his wife and children by the said deed was thereunder cancelled as a cloud upon his title by the chancery court of Clay county, after which cancellation he became the purchaser, paying therefor the sum of $3,600 and was a *bona fide* purchaser for value, and entitled to protection as such and that he had paid the taxes regularly thereon since his purchase, etc.

It appears from the testimony that the lands were conveyed by said Stephens to his wife and children by a warranty deed on the 21st day of July, 1898, in which his said wife, Jennie Stephens, did not join as a grantor. That afterwards, in a suit for that purpose against his wife and said children, said deed was cancelled as never having been delivered. The lands were then sold and conveyed by Wm. Stephens and his wife by a deed under which appellant claims title, executed on the 14th day of October, 1905.

Maggie Stephens, as guardian of James and Grace Stephens, appealed from said decision of the chancery

court, cancelling the deed executed by Wm. Stephens, his said wife and children, and the Supreme Court reversed said decision and held the deed valid. *Stephens v. Stephens,* 108 Ark. 53.

The cause was remanded with directions to vacate said decree, which was done and the complaint dismissed for want of equity, which decree was excepted to by W. D. Polk and L. H. Colley, who had filed motions asking to be made party plaintiffs in the cause, which were overruled. Appellant then petitioned for a writ of mandamus against the chancellor to compel him to allow petitioner to be made a party plaintiff in said suit, setting out that at the time of the conveyance from said Wm. Stephens to his wife and children, that the property was a homestead and that his wife had not joined in the conveyance thereof and that petitioner was an innocent purchaser for value. The petition for the writ was denied, and finally disposed of in *Polk v. Frierson,* 113 Ark. 582.

It appears also that the lands in controversy were the homestead of Wm. Stephens, at the time he conveyed them to his wife and children in 1898 upon his departure for Oregon; that after his return he lived thereon with his wife and children as his homestead until he sold the lands in 1905 to appellee and moved to town. There was also some testimony tending to show that 80 acres of the lands was worth $3,000.00.

The court instructed the jury that the conveyance of the lands under which appellees claimed the deed of 1898 was valid, having been made so by a curative act of 1907, notwithstanding the wife failed to join in the conveyance and directed a verdict for an undivided one-half interest in the lands and half the rents and profits for three years, less the cost of taxes and improvements. It also instructed the jury that the question had been determined against Stephens, the record of which case was offered in evidence, that the land in controversy was not the homestead of Stephens at the time of the conveyance, which bound Polk his grantor, thereafter, and excluded all evidence of the

value of the improvement thereon. From the judgment on the directed verdict, this appeal is prosecuted.

*J. N. Moore* and *G. B. Oliver,* for appellant.

1. The conveyance to the wife and children in 1898 was absolutely void as to the children because the wife did not join in its execution. Kirby's Digest, § 3901; 57 Ark. 242; 108 *Id.* 53. And a subsequent abandonment does not cure the invalidity. 57 Ark. 242.

2. Argue that the court erred in its instructions to the jury, but they are not passed upon by the court.

*W. E. Beloate* and *F. G. Taylor,* for appellees.

1. There is no proof that the land was a homestead. The burden was on appellant. 67 Ark. 232; 67 *Id.* 1; 34 *Id.* 55; Thompson on Homest. and Ex., § 701. But if a homestead, it was a personal privilege which could be waived and Stephens waived it by failure to claim it. 28 Ark. 485; 47 *Id.* 485; 55 *Id.* 139. The wife accepted the deed and it was not necessary for her to join—she acquiesced in it.

2. Appellant was charged with notice of the decree in *Stephens* v. *Stephens,* and acquired no vested rights by his purchase after said decree. 70 Ark. 415; 81 *Id.* 440. The decree is conclusive on appellant. 96 Ark. 540; 117 *Id.* 492; 94 U. S. 351. He is estopped. 23 Cyc. 1253 and notes; 69 and 70; 94 Ark. 45; 19 Ark. 420; 36 Barb. 88. The question is now *res adjudicata.* Pomeroy on Rem. and Rem. Rights, § 460; 12 N. Y. 336; 24 *Id.* 4; 56 *Id.* 1221.

KIRBY, J. (after stating the facts). Appellant contends that the deed under which appellees claimed title was absolutely void, having been made to convey the grantor's homestead to his wife and children without the wife joining therein.

The statute provides, section 3901, Kirby's Digest: "No conveyance or other instrument affecting the homestead of any married man, shall be of any validity except for taxes, laborers' and mechanics' liens, and

the purchase money, unless his wife joins in the execution of such instrument, and acknowledges the same."

In *Kindley* v. *Spraker*, 72 Ark. 228, the court held that a conveyance from a husband directly to his wife was valid, notwithstanding the statute and that the wife did not join therein. It was held that a conveyance to the wife, which meets her approval and shows her consent thereto, conforms to the intent of the law to the same extent as a conveyance by the husband to a third person in which the wife joins.

The court quoted from Thompson on Homestead and Exemptions, sec. 473, as follows: "The policy of these statutes, which restrain the alienation of the homestead without the wife joining in the deed, is to protect the wife and enable her to protect the family in the possession and enjoyment of a homestead, after one has been acquired by the husband. They are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance," and continuing said, the weight of authority sustains this view.

The policy of the homestead law is to protect the family, the wife and children in the enjoyment of a home and it was not the purpose of this statute to make void a conveyance thereof by the husband directly to his wife and children, under which they would necessarily be as much protected as they could be if no conveyance of the homestead was made or the attempted conveyance was invalid, because of the failure of the wife to join therein. The conveyance met the approval of the wife and was accepted by her, and the family continued to reside thereon certainly until she later joined in the conveyance to appellant.

The deed was effectual to convey the lands and notwithstanding its wrongful cancellation by the decree of the chancery court, the title was not divested from the grantees, who appealed therefrom and caused said decree to be vacated. The purchase of the lands

for a valuable consideration thereafter from the original grantor and a conveyance of same to appellee before the reversal and vacation of said decree, would not have effect to constitute appellee a *bona fide* purchaser of the lands as against the claim of appellees under the original deed nor furnish any defense against their action for the possession of the lands. It can make no difference that a different reason was assigned by the trial court for its decision and upon which the verdict was directed, since no error was committed in the result reached.

The judgment is accordingly affirmed.