McGOVERN v. WOOLLEY et al.   (No. 296.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 2, 1918. Rehearing Denied Jan. 30, 1918.)

HOMESTEAD ⊜113—CONVEYANCE.

Acts 33d Leg. c. 32, regulating marital rights, does not invalidate a husband's conveyance of homestead property to his wife.

Appeal from District Court, Hardin County; L. B. Hightower, Sr., Judge.

Trespass to try title by Will McGovern, guardian, against G. W. Woolley and Miriam McGovern. Judgment for defendants, and plaintiff appeals. Affirmed.

B. L. Aycock, of Kountze, for appellant. Singleton & Bevil, of Kountze, for appellees.

BROOKE, J. This was a suit in form of trespass to try title, filed by the appellant as guardian for the minor, Sam McGovern, against G. W. Woolley, in the district court of Hardin county for lots 3 and 4 in block 28½ in the town of Kountze.

Defendant Woolley answered that he was

holding lot 3 by rent from Mrs. Miriam McGovern, and deposited rent money in the registry of the court, and prayed that Mrs. McGovern be impleaded. Mrs. McGovern, who now resides in Louisiana, voluntarily answered, and specially pleaded her title to lot 3, and disclaimed as to lot No. 4 in said block.

Plaintiff, by a supplemental petition, alleged title to these lots, and also to lots Nos. 1 and 2 in the same block, to which she held a deed executed January 7, 1914, by her late husband Sam McGovern. The deed covered lots 1, 2, and 3, made direct to her, and was acknowledged by him before notary public and recorded in Hardin county. Plaintiff also claimed that the deed was a security for money loaned to her late husband, Sam McGovern, and invalid for that reason.

The case was tried at the spring term, 1917, when judgment was rendered for Mrs. McGovern, and for the money deposited in the registry of the court. The trial judge filed his findings of fact and conclusions of law, as follows:

"Findings of Fact.

"(1) I find that Will McGovern is the duly qualified and acting guardian of the person and estate of the minor Sam McGovern.

"(2) I find that Sam McGovern, Sr., died in Hardin county, Tex., on May 9, 1915, leaving a will by which he bequeathed to Sam McGovern, Jr., all property left at his death after paying his debts, and that D. F. Singleton is the duly qualified and acting administrator of the estate of Sam McGovern, deceased.

"(3) That of the property involved in this suit lot 4 was inventoried as a part of the estate of Sam McGovern, and that lots 1, 2, and 3 were not so inventoried.

"(4) That some years prior to his death the said Sam McGovern, Sr., duly and legally adopted Sam McGovern, Jr.

"(5) That on January 7, 1914, the family of Sam McGovern, Sr., now deceased, consisted of himself and wife, who is now defendant Mrs. Miriam McGovern, and the adopted son, Sam, and the family homestead then consisted, among other property, of lots 1, 2, and 3 and 4 of block 28½ of the J. J. Allums first addition to the town of Kountze, in Hardin county, Tex.

"(6) That on January 7, 1914, the said Sam McGovern, now deceased, by warranty deed duly executed and acknowledged by him, for a valuable consideration, conveyed to his wife, Miriam McGovern, lots 1, 2, and 3 said block 28½ of J. J. Allums addition to the town of Kountze, and by the express terms of said deed made said lots her separate property, which said deed was recorded in Deed Records of Hardin County, Tex., on the 9th day of January, 1914.

"(7) That the storehouse on lot 3 was rented to G. W. Woolley by Mrs. Miriam McGovern at $20 per month, and he has paid into the registry of the court $80 covering the rents from December, 1916, to April 15, 1917.

"(8) That Mrs. Miriam McGovern prior to December 15, 1916, surrendered her home on, to wit, lot 4 to the administrator of estate of Sam McGovern, and removed from Texas to the state of Louisiana, where she has since resided.

"Conclusions of Law.

"I conclude that by the deed dated January 7, 1914, lots 1, 2, and 3 involved in this suit, with all improvements thereon, vested absolutely in the defendant Mrs. Miriam McGovern, and constituted no part of the estate of Sam McGovern at his death, and therefore the plaintiff is not entitled to recover anything in this suit, except lot 4, disclaimed by the defendants and the defendant Mrs. Miriam McGovern is entitled to judgment for lots 1, 2, and 3 and the rent and judgment is accordingly rendered."

As only one question is involved in this appeal, the assignments will be considered together, viz.:

(a) "The court erred in rendering judgment for defendant Miriam McGovern because there was no legal testimony to support the judgment."

(b) "The court erred in sustaining Sam McGovern's deed to homestead lots 1, 2, and 3 to his wife."

(c) "The court erred in not rendering judgment for plaintiff in his capacity as guardian of Sam McGovern, a minor, for the title and possession of lots 2, 3, and 1, block 28½, and for the rents in the registry of the court."

The propositions under the foregoing assignments are:

(a) "The court erred in sustaining Sam McGovern's deed to homestead lots 1, 2, and 3 to his wife."

(b) "Under the law as made by statute amending laws regulating marital rights by Thirty-Third Legislature, husband cannot make a valid deed to his wife to the homestead."

We have carefully considered the assignments of error, together with the propositions thereunder, and we are of opinion that there is no merit in the contentions made, either in the propositions or in the assignments themselves, and without further discussion, and without citing any authority, this court is of opinion that the judgment of the lower court was correct, and must be in all things affirmed.