**MARTIN et al. v. BARNUM et al.     (No. 11562.)**

(Court of Civil Appeals of Texas.     Fort Worth.
May 1, 1926.)

**1. Homestead ⚖️113.**

Deed from husband to wife divests him of title and vests in wife his interest in homestead.

**2. Homestead ⚖️113.**

Under Const. art.. 16, § 50, and Vernon's Ann. Civ. St. 1914, art. 1115, husband could convey homestead interest to wife and children.

**3. Estoppel ⚖️38.**

Where wife, after deed of homestead interest by husband to herself and children, conveyed property by warranty deed, she is precluded from setting up claim of interest as heir of child who thereafter died.

**4. Homestead ⚖️113.**

Conveyance of husband to wife and children of homestead interest *held* not to disturb wife and children in possession of home, guaranteed by Const. art. 16, § 52.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by W. E. Barnum and others against R. M. Martin and another, wherein Mrs. Varanda Barnum intervened.     Judgment for plaintiffs, and intervener and defendants appeal.     Judgment reformed, and as reformed, affirmed.

See, also, 278 S. W. 323.

Wm. R. Booth, and W. R. Parker, both of Fort Worth, for appellants.

G. R. Lipscomb and Theobald Koenig, both of Fort Worth, for appellees.

BUCK, J.     W. E. Barnum and his children, George, Arthur, Nellie, and Birdie Barnum, the last two by their father as next friend, sued R. M. Martin and J. P. Scott in form of trespass to try title to lot No. 3, in block No. 159, of the North Fort Worth addition to the city of Fort Worth.     Mrs. Varanda Barnum, the former wife of W. E. Barnum and the mother of the children, intervened.     Martin and Scott answered by a plea of not guilty, by a general demurrer and a general denial, and specially pleaded that Martin had purchased the lot from Varanda Barnum in October, 1921, and that she had given a general warranty deed; that he had come into possession of said premises immediately, and had held peaceable, adverse, and continuous possession of said property since said time; that he had made valuable improvements on said property and had paid the taxes thereon for 1921, 1922, 1923, and 1924.     It was further pleaded that J. P. Scott was the mortgagee in a mortgage executed by defendant Martin.

Defendants further pleaded, by way of supplemental petition, that the deed under which plaintiffs claimed title was null and void, because at the time the same was executed W. E. Barnum had no right, title, or interest in and to said property which he could convey, and because the deed under which plaintiffs claimed is an effort to deprive W. E. Barnum's wife of her right, title, and interest in her homestead, without her consent or joinder.

The evidence shows, as found by the trial court in his findings of fact, that on February 15, 1921, Mrs. Willie A. Barry, a widow, conveyed the premises to W. E. Barnum; that, at the time of the conveyance, W. E. Barnum and Varanda Barnum were husband and wife and that the property was owned, used, and occupied by them as their community homestead; that Varanda Barnum filed suit for divorce in the Seventeenth district court of Tarrant county on March 21, 1921, in which cause of action the plaintiff sought judgment for divorce, custody of the minor children, partition of the community property, etc.; that W. E. Barnum, on March 25, 1921, by his certain quitclaim deed of that date, conveyed to Varanda Barnum and their children, George, Mabel, Arthur, Nellie, and Birdie Barnum, the undivided one-half interest owned by said W. E. Barnum in said homestead; that said deed was delivered to Varanda Barnum, who accepted the same on March 25th and continuously kept said deed in her possession from said date of acceptance, and had recorded the same July 8, 1921; that at said time Mabel and George Barnum were over the age of 21 years, both single and residing with their mother, and that the other three children were minors; that in the divorce proceedings the court rendered judgment dissolving the marriage relation between W. E. Barnum and Varanda Barnum, and decreeing and adjudging the title of lot No. 3, block 159, in the town of North Fort Worth to Varanda Barnum; that the judge of the court in which the divorce was granted was unaware at the time he rendered the judgment, awarding the title to the property to Mrs. Barnum, that a deed had been executed by W. E. Barnum to his wife and children; that Varanda Barnum, as a widow, by her general warranty deed, dated October 8, 1921, conveyed said lot to R. W. Martin and son, R. M. Martin; that the Martins gave one certain promissory note in the sum of $800, payable to the order of J. P. Scott three years after date at 8 per cent. interest, payable semiannually, and that said Scott owned said note at the time of the trial; that the deed from Varanda Barnum to the Martins had been recorded; that R. W. Martin and wife, Lavenia Martin, conveyed, by their certain warranty deed, dated December 20, 1923, and duly recorded, their one-half interest in said lot to their son, R. M. Martin, and that, in consideration of said conveyance, among other things, was the assumption by said gran-

tee of the $800 vendor's lien note. The court further found that $457.70 of revenue had been collected from said lot since they had purchased it, and they had spent in improvements thereon $365.19, leaving a balance on hand of $92.51, to the credit of the owners of said property. The court further found that Mabel Barnum, a single woman, who had never been married, died intestate in Tarrant county "on the ——— day of ———, A. D. 19—," and left surviving her as her sole and only heirs at law, W. E. Barnum, her father, and Varanda Barnum, her mother.

The court rendered judgment for plaintiffs and intervener against R. M. Martin and J. P. Scott for the one-half undivided interest in the property sought to be conveyed by the deed from W. E. Barnum to his wife and children, a one-twelfth undivided interest each to George, Arthur, Nellie, and Birdie Barnum, and to W. E. Barnum and Varanda Barnum each an undivided one twenty-fourth interest, the portion formerly owned by Mabel Barnum, deceased, and descended from her to her father and mother. The judgment also awards the different parties the due proportionate part of the $92.51, found by the court to be the difference between the expenditures on the property and the income therefrom. From this judgment the defendants have appealed.

### Opinion.

The principal question to be determined on this appeal is as to whether the deed from W. E. Barnum to his wife and children, without the joinder of his wife, divested him of any interest in the land, and conveyed title to the grantees. Our state Constitution, art. 16, § 50, provides:

"The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead; nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

Article 1115, Vernon's Civil Statutes 1914, provides:

"The homestead of the family shall not be sold and conveyed by the owner, if a married man, without the consent of the wife. Such consent shall be evidenced by the wife joining in the conveyance, and signing her name thereto, and by her separate acknowledgment thereof taken and certified to before the proper officer, and in the mode pointed out in articles 6802 and 6805."

In 21 Cyc. p. 536, it is said:

"In jurisdictions requiring conveyances or mortgages of homestead property to be executed by both husband and wife, the husband may make a valid conveyance or, according to some decisions, mortgage of the homestead premises to his wife, without her joining."

To the same effect is 29 Corpus Juris, p. 896, § 281. A number of authorities are cited in these two sections of Cyc. and Corpus Juris, upholding the validity of the conveyance by the husband to the wife of the homestead. Under the discussion in 29 Corpus Juris are found the cases of Earl v. Mundy (Tex. Civ. App.) 227 S. W. 970; McGovern v. Woolley (Tex. Civ. App.) 200 S. W. 271. In the last-cited case the application for writ of error was dismissed by the Supreme Court for want of jurisdiction. It held outright that a deed from the husband to the wife, conveying his interest in the homestead, is valid. In Earl v. Mundy, supra, it is assumed that such a deed is valid. Writ of error was denied by the Supreme Court, thereby approving said assumption. See 13 R. C. L. p. 633, § 93; Ogden v. Ogden, 60 Ark. 70, 28 S. W. 796, 46 Am. St. Rep. 151; Kindley v. Spraker, 72 Ark. 228, 79 S. W. 766, 105 Am. St. Rep. 32; Furrow v. Athey, 21 Neb. 671, 33 N. W. 208, 59 Am. Rep. 867; Emery v. Barfield (Tex. Civ. App.) 183 S. W. 386, and cases there cited.

[1] We think that it is well established that in some states, including Texas, a deed from a husband to the wife divests him of title and vests in the wife his interest in the homestead. But we have found only one case, after a rather extensive search of the authorities, holding that a deed to the wife and children by the husband and father conveys to the grantees the interest of the grantor. In Polk v. Stephens, 126 Ark. 159, 189 S. W. 837, the Supreme Court held that such a conveyance was valid. Arkansas has a statute substantially similar to ours and to our constitutional provision, providing that no homestead conveyance by a married man shall be valid unless joined in and acknowledged by the wife. In this case the court said:

"In Kindley v. Spraker, 72 Ark. 228, 79 S. W. 766, 105 Am. St. Rep. 32, the court held that a conveyance from a husband directly to his wife was valid, notwithstanding the statute and that the wife did not join therein. It was held that a conveyance to the wife which meets her approval and shows her consent thereto conforms to the intent of the law to the same extent as a conveyance by the husband to a third person in which the wife joins. The court quoted from Thompson on Homestead and Exemptions, § 473, as follows: 'The policy of these statutes, which restrain the alienation of the homestead without the wife joining in the deed, is to protect the wife and enable her to protect

the family in the possession and enjoyment of a homestead after one has been acquired by the husband. They are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance.' And, continuing, it said the weight of authority sustains this view.

"The policy of the homestead law is to protect the family, the wife and children, in the enjoyment of a home, and it was not the purpose of this statute to make void a conveyance thereof by the husband directly to his wife and children, under which they would necessarily be as much protected as they could be if no conveyance of the homestead was made or the attempted conveyance was invalid, because of the failure of the wife to join therein. The conveyance met the approval of the wife and was accepted by her, and the family continued to reside thereon certainly until she later joined in the conveyance to appellant."

[2, 3] While, as before stated, we have found no other decision directly on this point, yet the reasoning in the Arkansas case seems sound, and we adopt it. Hence the judgment of the lower court will be affirmed, in so far as it awards to W. E. Barnum and the children the interest in the homestead therein mentioned, and the recovery of the amounts therein specified. But as to the judgment in favor of the intervener, Mrs. Varanda Barnum, we think that cannot be sustained. She gave a general warranty deed to R. W. and R. M. Martin, and she would be precluded from setting up any claim by virtue of having acquired title from her deceased child. Therefore the judgment in her favor will be reversed, and the one twenty-fourth interest in the house and improvements awarded to Mrs. Varánda Barnum is awarded to the defendants.

[4] In Hair v. Wood, 58 Tex. 77, the Supreme Court said that only the wife can assert her right of homestead against a conveyance by the husband alone. In the instant case the wife is not setting up any claim to the one-half interest in the homestead not conveyed by the deed from her husband to the wife and children, but is, in effect, admitting that she conveyed all the interest that she had in such property to the Martins. It may be stated that in sustaining the validity of the conveyance, the homestead rights in the property vested in the wife are not in any way disturbed. The homestead is not subject to partition so long as the wife continues the head of the family and elects to occupy it as a homestead. See article 16, § 52 of the Constitution. Adair v. Hare, 73 Tex. 273, 11 S. W. 320. In Sampson & Keene v. Williamson, 6 Tex. 102, 55 Am. Dec. 762, it is said that no interest may be conveyed by the husband alone which would disturb the family in its possession. We do not think this conveyance can be held to in any way disturb the wife and children in the possession of the home.

The judgment is reformed, as above indicated, and, as reformed, is affirmed. The costs accruing in this court and that accrued in the trial court are adjudged, one-third against appellee Mrs. Varanda Barnum, and two-thirds against the appellants.