## WHITE et al. v. WHITE et al.
### No. 11252.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 10, 1943.

Rehearing Denied March 10, 1943.

J. F. Carl, of Edinburg, for appellants.
S. N. McWhorter, of Weslaco, for appellees.

MURRAY, Justice.

This suit was instituted by Frank White and others against Mrs. Callie White and others seeking to cancel and set aside a certain deed from J. D. White to Mrs. Callie White and her daughter, Della White, dated June 12, 1941, purporting to convey the home place situated in Hidalgo County, Texas, and known as Farm Tract 351, Block 157, of the West Tract Subdivision of Llano Grande Grant of lands as per map thereof.

The plaintiffs were either the children or their descendants of the first marriage of J. D. White, deceased, and the defendants were the second wife and children of J. D. White, deceased. The alleged grounds for setting aside the deed were want of mental capacity on the part of J. D. White at the time the deed was executed, and that the tract was the homestead of the Whites and the deed was not joined in by the wife.

The trial began to a jury but at the close of the evidence the trial judge instructed a verdict for the defendants, and the plaintiffs have prosecuted this appeal.

We conclude that the evidence was insufficient to raise a fact issue for the jury on the question of want of mental capacity of J. D. White. There is evidence that J. D. White was a very sick man, about seventy-five years of age, at the time he executed the deed, and died seven days later. He had a dropsical condition, asthma and heart trouble. His feet, legs and, in fact, his entire body, including his head, were very badly swollen. Mrs. Callie White admitted his face was so badly swollen that you could not recognize him. The doctor had to drain his bladder on the 12th of June, 1941, the day the deed was executed. On the other hand there was testimony that

he talked about the fact that it had rained too much and was injuring the cotton. He also talked about the corn crop, and inquired about how O'Daniel's race for the Senate was progressing. The barber who came out to shave him stated that these were the subjects others were discussing in his barber shop. One witness stated he would talk about cotton and then switch to corn. No one testified that he did not know what he was saying or was confused in his statements, or that he said or did anything that would indicate he was of unsound mind. There were two doctors who waited upon him the day the deed was signed, and though these doctors were present and available as witnesses they were not called to testify as to White's mental condition. It was not an unnatural thing for him to deed the home place to his wife and unmarried daughter.

The law presumes that White, an adult person, was of sound mind and the burden of proof was upon appellants to overcome this presumption by evidence of probative force. 17 Tex.Jur. 265; White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A.1918A, 339; Damron v. Rankin, Tex.Civ.App., 34 S.W.2d 360; Texas Employers Ins. Ass'n v. Birdwell, Tex.Civ. App., 39 S.W.2d 159.

The evidence was insufficient to support a finding by the jury that J. D. White did not have sufficient mental capacity to execute a deed, and the trial court properly refused to submit that fact question to the jury.

The court properly sustained the objection made to the hypothetical question propounded to Dr. J. W. Conard. Counsel for appellants, after stating to Dr. Conard the facts in evidence as to the physical condition of J. D. White, then propounded this question: "I will ask you, Doctor, whether, in your judgment, based upon this—upon those facts related to you, that man was in a mental condition to know, and understand, the nature and effect of the instrument he was executing."

The question as framed undoubtedly invaded the province of the jury and called upon the doctor to pass judgment upon the very question that was to be decided by the jury. It was also a mixed question of law and fact. The question was properly excluded. Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64; Jackson v. Watson, Tex.Com.App., 10 S.W.2d 977; Pickering v. Harris, Tex.Com.App., 23 S.W.2d 316; Brito v. Slack, Tex.Civ.App., 25 S. W.2d 881; Harrison v. Davis, Tex.Civ. App., 58 S.W.2d 1025; Reynolds v. Porter, Tex.Civ.App., 54 S.W.2d 1086; McDaniel v. Willis, Tex.Civ.App., 157 S.W.2d 672.

The deed was not void because not joined in by the wife. J. D. White conveyed the homestead to his wife and unmarried daughter. The wife accepted this conveyance and is not now complaining. The conveyance under such circumstances is a valid conveyance of the homestead. Our conclusion is based upon the reasons given in Martin v. Barnum, Tex.Civ.App., 286 S.W. 550.

The judgment is affirmed.