**David J. BULLOCK v. STERLING DRUG Inc., Appellant.**

**No. 10350.**

United 'States Court of Appeals
Third Circuit.

Argued Feb. 8, 1951.

Decided Feb. 23, 1951.

C. Russel Phillips, Philadelphia, Pa.
(Montgomery, McCracken, Walker &
Rhoads, Philadelphia, Pa., on the brief),
for appellant.

Henry T. Reath, Philadelphia, Pa. (John
B. Martin, Duane, Morris & Heckscher,
Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and
HASTIE, Circuit Judges.

PER CURIAM.

The plaintiff instituted this action to recover a substantial amount of severance
pay. The defendant denied that he was an
employee within the meaning of its severance pay schedule, and asserted that no enforceable contract existed between them.
We have examined the record and find
nothing to convince us that the District
Court erred in its findings or in the application of well-settled principles of contract
law. Accordingly, the judgment of the
District Court will be affirmed upon its
opinion, 93 F.Supp. 371.

**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. C. Dudley WILSON'S ESTATE, Deceased, the Trenton Banking Company, Executor, Respondent.**

**No. 10351.**

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1951.

Decided Feb. 26, 1951.

Edward J. P. Zimmerman, Washington,
D. C. (Theron Lamar Caudle, Asst. Atty.
Gen., Ellis N. Slack, A. F. Prescott, Sp.
Assts. to the Atty. Gen., on the brief),
for petitioner.

James O. Wynn, New York City (W.
Arthur Campbell, George G. Blattmachr,
G. Harold Blattmachr, New York City, on
the brief), for respondent.

Before MARIS, McLAUGHLIN and
HASTIE, Circuit Judges.

PER CURIAM.

The sole question presented by this case
is whether two trusts created by the decedent in 1937 for the benefit of his children were subject to estate tax upon his
death in 1945 because he retained the power to terminate the trusts. For the reasons
stated in the opinion filed by Judge Murdock for the Tax Court in banc, 13 T.C.
869, we are satisfied that the trusts were
not subject to the decedent's power to
terminate them. The Tax Court, therefore,
rightly held that they were not subject to
the estate tax.

The decision of the Tax Court will be affirmed.