OPINION. Offer, Judge: Respondent has determined that insurance policies placed in a trust by decedent 14 years before his death were transferred in contemplation of death. As in the Estate of Louis Richards, 20 T. C. 904, affirmed per curiam (C. A. 9) 221 F. 2d 808, the only direct evidence of decedent’s motive for assigning the policies was a desire to protect them from the dangers of his speculative business. He had previously used them as a source of borrowed funds and one of his lawyers testified that “[h]e had had a bad experience to borrow on his life insurance and was not going to get in the same position again * * Such a desire to protect one’s principal is a life-motivated purpose as opposed to one involving contemplation of death. Estate of Louis Richards, supra. See also Flick’s Estate v. Commissioner, (C. A. 5) 166 F. 2d 733, reversing T. C. Memorandum Opinion dated January 30, 1947; Aaron’s Estate v. Commissioner, (C. A. 3) 224 F. 2d 314, reversing 21 T. C. 377. Where such evidence exists it can overcome the implications arising from the subject matter of the trust, such as life insurance policies, and from the terms of the trust even though these are such as to prohibit any advantage to the beneficiaries during the grantor’s lifetime. Estate of Louis Richards, supra. We have accordingly made the dispositive finding that the transfers in controversy were not gifts in contemplation of death. Respondent has two other strings to his bow. He says decedent retained such “incidents of ownership” in the trust that it should be included in the gross estate under section 811 (g) (2) (B). This position is predicated upon the provision of Article VI of the trust agreement that “[i]n the management of any [added] property * * * the Trustee * * * shall follow any instructions [the decedent] may give.” .This seems to us so clearly limited to investment advice and not to include any “economic benefits”[1] that we cannot construe it as, to any extent, an incident of ownership retained by decedent. See Estate of C. Dudley Wilson, 13 T. C. 869, affd. (C. A. 3) 187 F. 2d 145. Cf. Estate of Myron Selznick, 15 T. C. 716, affirmed per curiam (C. A. 9) 195 F. 2d 735. Finally, it is insisted that some part or all of the proceeds of the policies are subject to inclusion under the so-called payment of premiums test. If a trust is established in contemplation of death, use of its proceeds to pay insurance premiums may, to be sure, be considered as though they had originated with the decedent himself. Estate of Frank A. Vanderlip, 3 T. C. 358, affd. (C. A. 2) 155 F. 2d 152, certiorari denied 329 U. S. 728. But here the evidence justifies no other conclusion than the one included in our Findings of Fact to the effect that decedent paid no premiums on these policies after January 10, 1941. “[T]here is no ground for saying that the premiums were paid by the insured indirectly.” Helvering v. Reybine, (C. A. 2) 83 F. 2d 215. Under the express language of the statute,[2] the inclusion in the estate of no part of the insurance proceeds is warranted on this ground. Decision will be entered under Rude 50. Regs. 105, sec. 81.27. Insurance receivable by other beneficiaries.— ******* Incidents of ownership in the policy include, for example, the right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc. * * * Revenue Act of 1942. SEC. 404. PROCEEDS OF LIFE INSURANCE. (c) Decedents to Which Amehdments Applicable. — The amendments made by subsection (a) shall be applicable only to estates of decedents dying after the date of the enactment of this Act; but in determining the proportion of the premiums or other consideration paid directly or indirectly by the decedent (but not the total premiums paid) the amount so paid by the decedent on or before January 10, 1941, shall be excluded if at no time after such date the decedent possessed an incident of ownership in the policy.