358

ESTATE OF FRANK A. VANDERLIP, DECEASED, NARCISSA COX VANDER-
LIP, VIRGINIA VANDERLIP SCHOALES, FRANK A. VANDERLIP, JR.,
KELVIN COX VANDERLIP AND CITY BANK FARMERS TRUST COM-
PANY, AS EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 109523.    Promulgated February 24, 1944.

*Edwin W. Cooney, Esq.*, for the petitioners.
*Clay C. Holmes, Esq.*, for the respondent.

## OPINION.

KERN, *Judge*: In 1932 decedent was the owner of certain policies insuring his life and calling for the payment at his death of $923,868.60. These policies were taken out by decedent prior to 1918. The record does not disclose whether the proceeds of the policies were payable upon his death to named beneficiaries or to his estate. In 1932, and "motivated solely by [his] desire to avoid estate taxes" which might be payable upon these life insurance policies, he transferred them by irrevocable assignment to trustees, the beneficiaries being his wife, his children, and his grandchildren. Before making this assignment decedent borrowed upon these policies the sum of $398,898.51, which represented their then maximum loan value. After the assignment a part of the premiums due were paid by the trustees, who borrowed for this purpose whatever loan value was periodically created by the payment of premiums and applied to the same purpose any dividends paid upon the policies. The remaining part of the premiums was paid by decedent during his lifetime, and amounted to $183,026.45. At his death the full amount of the policies less loans was collected by the trustees. The question presented is whether this amount should be included for estate tax purposes in decedent's gross estate.

The primary problem is whether the assignment of the policies by decedent to the trustees was a transfer, by trust or otherwise, made by decedent in contemplation of death. It is stipulated that the transfer "was motivated solely by the decedent's desire to avoid estate taxes thereon and was not otherwise made in contemplation of death within the meaning of the Revenue Acts of 1926 and 1932, as amended, or of the Regulations thereunder." We are of the opinion that decedent's sole motive in making the transfer was one connected with death and not with life and the transfer was therefore one made in contemplation of death. This conclusion is in accord with the opinions of the Circuit Court of Appeals for the Second Circuit in the cases of *Farmers Loan & Trust Co.* v. *Bowers*, 98 Fed. (2d) 794, and *First Trust & Deposit Co.* v. *Shaughnessy*, 134 Fed. (2d) 940. It is true that, because of the facts present in those cases and *dicta* to be found in those opinions, distinctions may be pointed out between those cases and the instant case. However, a case which is squarely in point is *Commonwealth Trust Co. of Pittsburgh* v. *Driscoll*, 137 Fed. (2d) 653 (C. C. A., 3d Cir., July 9, 1943), which affirmed *per curiam* a decision of the District Court "for the reasons sufficiently and satisfactorily given in the opinion of" the district judge. This latter opinion is set out in 43-1 U. S. T. C., § 10,011. In that case the district judge said: "* * * We can draw no other conclusion than that the transfer was made with intention that these properties should not be liable for Federal estate tax. If that is so, naturally the transfer must have been made in contemplation of death." Certiorari was denied by the Supreme Court in this case on January 31, 1944. The Supreme Court had already denied certiorari in *First Trust & Deposit Co.* v. *Shaughnessy, supra*, on October 11, 1943. See also Regulations 105, sec. 81.16.

Having decided that the transfer of the insurance policies by decedent to the trustees in 1932 was made in contemplation of death, we come to the question of whether, even so, the proceeds of the insurance policies in question are subject to the Federal estate tax.

Although the policies are not in evidence, the facts stipulated indicate that decedent prior to 1932 had the right to borrow on the policies and to transfer them, and thus had certain incidents of ownership with regard to them, both before and after 1918. The fact that these incidents of ownership were surrendered by decedent by the transfer to the trustees in 1932 is immaterial. This transfer was made, as we have held, in contemplation of death, and can not affect the incidence of the Federal estate tax. *Igleheart* v. *Commissioner*, 77 Fed. (2d) 704, 711.

Petitioners' contention on this issue goes beyond the contention that decedent at the time of his death had no incidents of ownership in the

life insurance policies, and resolves itself into the broad contention that the Federal estate tax does not apply retroactively to any life insurance issued prior to the effective date of the Revenue Act of 1918, regardless of whether the insured possessed incidents of ownership with regard to such insurance at that date. In this contention they rely principally upon *Lewellyn* v. *Frick*, 268 U. S. 238; *Chase National Bank* v. *United States*, 278 U. S. 327; *Bingham* v. *United States*, 296 U. S. 211; and *Industrial Trust Co.* v. *United States*, 296 U. S. 220.

We are of the opinion that the authorities relied upon by petitioners are no longer controlling on this issue since the Supreme Court handed down its opinions in *Helvering* v. *Hallock*, 309 U. S. 106, and *United States* v. *Jacobs*, 306 U. S. 363. This is the position we took in *Estate of Frederick Bodell*, 47 B. T. A. 62, which was affirmed *sub nom Bodell* v. *Commissioner*, 138 Fed. (2d) 553 (C. C. A., 1st Cir., Nov. 3, 1943). See also *Commissioner* v. *Washer*, 127 Fed. (2d) 446; certiorari denied October 12, 1942; Paul, Federal Estate and Gift Taxation § 10.06.

Decedent had legal incidents of ownership with regard to these policies in 1918 and in 1932, and would have had them at the time of his death had it not been for transfers made in contemplation of death. We see no statutory or constitutional reason why these policies and their proceeds should not be subject to the Federal estate tax.

Upon this question we decide against petitioners.

The contention of petitioners that section 302 (c) is not applicable to life insurance policies is without merit. *May Billings et al., Executors*, 35 B. T. A. 1147, 1153. Equally without merit is petitioners' contention that the insurance policies in question had no value at the time they were transferred by decedent on account of the exhaustion of their loan value by decedent and, therefore, having no value in the commercial sense at that time, their transfer can not be considered a transfer in contemplation of death. We are concerned with values as of the time of death, and not as of the time of transfer. *Igleheart* v. *Commissioner, supra.*

Petitioners' final contention is that, regardless of our disposition of the questions discussed above, there is includable in the gross estate only that portion of the insurance proceeds allocable to the premiums and interest on property loans paid by the decedent subsequent to the transfer of the policies. In support of this contention petitioners point to Regulations 105, section 81.27 (b), which provides that "where a portion of the premiums or other consideration was actually paid by another and the remaining portion by the decedent, either directly or indirectly, such insurance is considered to have been taken out by the latter in the proportion that the payments therefor made by him bear to the total amount paid for the insurance." See *Estate of John E. Cain, Sr.*, 43 B. T. A. 1133. However, section 81.27 (a) of the same regulations provides: "The purchase of insurance upon

the life of the decedent is attributed to the decedent even though the premiums, or other consideration, are paid only indirectly by the decedent. As thus used, the phrase 'paid indirectly by the decedent' is intended to be broad in scope." In our opinion it is broad enough to cover the instant case. The only payments of premiums on the policies covered by the 1932 transfer were made from the funds of the decedent or from the loan values of the policies periodically created by the payment of premiums, or dividends distributed on such policies which depended upon the payment of premiums. The funds going to the payment of the premiums either came directly from the decedent or indirectly through the realization of accretions to the value of property transferred by decedent in contemplation of death which resulted from his payment of part of such premiums. No other person contributed to the payment of premiums. Under the facts shown we are unable to agree with petitioners in this contention.

We conclude that the proceeds of the policies in question realized by the trustees were properly included for estate tax purposes in decedent's gross estate.

*Decision will be entered under Rule 50.*