Black and Johnson, JJ., dissenting: It is plain that Trust No. 1, executed by decedent November 30, 1923, was not executed “in contemplation of death” in the sense that the decedent when he executed the trust had a present apprehension from some existing bodily or mental condition that death was near at hand. It is equally clear that no such fear or apprehension was the dominant cause for the transfers. See United States v. Wells, 283 U. S. 102. If any such “contemplation of death” existed as a dominant motive then, of course, the entire amount of the corpus transferred to the trust would be in-cludible in the decedent’s estate under section 811 (c) of the Internal Revenue Code. However, the majority opinion holds that seven-tenths of the value of the securities are not to be included because the dominant motive impelling the transfer of these securities was associated with life and not with death. That, of course, could not be if the transfer by decedent was “in contemplation of death” in the sense we have above described. But it is, of course, true that transfers to be included under section 811 (c) as “in contemplation of death” do not have to be made in apprehension of death near at hand. It is sufficient if the dominating motive for the transfer is testamentary in character. United States v. Wells, supra. The majority opinion holds that, although the transfer of seven-tenths of the securities was not “made in contemplation of death” in either of the senses we have just mentioned, nevertheless the transfers of the insurance policies and three-tenths of the securities were testamentary in character and, therefore, were made “in contemplation of death” within the meaning of the applicable statute. We can not agree to this conclusion. We do not think it is supported by the facts embodied in the findings of fact. The majority opinion almost says, though not quite, that the transfer to a trust of an insurance policy on the transferor’s life is necessarily testamentary in character and therefore made in contemplation of death. The majority opinion concedes that a transfer of an insurance policy may resemble a gift, but deduces the “decedent’s purpose to have the policies retained until they and his life terminate together”; stresses that trust income was to be used in part for premiums; and then concludes that the purpose of the transfer was testamentary. It is evident that decedent contemplated a continuation of the trust and a distribution of trust income long after his death at all events, and .hence the only effect of his death would be to increase the corpus from which income could be derived and to increase net income by elimination of the premium payments. It seems to us that the policies were an asset of the trust, like other assets; they had been taken out one by one since 1890, and, so far as we can see, should be treated in the same way as all the rest of the property which was transferred to the trust. Apart from the normal incidents of insurance, the majority opinion finds nothing to indicate contemplation of death as a motive for creating the trust. Inferentially, we think the majority would have found no such motive if mortgaged real estate had been transferred in trust and if trust provisions had required that trust income be used to pay off the mortgage debt. Such use would have built up the corpus of the estate; so here, the use of income for premiums built up corpus. In the absence of a general contemplation of death when the trust was formed, we fail to see any good reason why the transfer of insurance policies, taken out years before, is to be differently considered merely because their payment is conditioned on decedent’s death. And this view gains strength from the fact that section 811 (g) of the Internal Revenue Code specifically provides for the inclusion in gross estate of the proceeds of insurance policies receivable by others than the insured’s estate if the premiums were paid by the insured or if the insured possessed at death any incidents of ownership. Implicitly such proceeds are not to be included in the absence of these conditions, and it is obvious that these conditions were missing here. Decedent had relinquished all powers over the policies and the trust, not he, paid the premiums. The majority opinion, in reaching the conclusion that the value of the insurance policies and three-tenths of the value of the securities should be included in decedent’s estate because the transfer of them to Trust No. 1 was made in contemplation of death, relies heavily upon Vanderlip v. Commissioner, 155 Fed. (2d) 152; First Trust & Deposit Co. v. Shaughnessy, 134 Fed. (2d) 940; and Thomas v. Graham, 158 Fed. (2d) 561. In our judgment these cases are distinguishable on their facts. In the Vanderlip case the facts briefly were these: Before 1918 the testator had taken out policies of life insurance aggregating nearly a million dollars, upon which he had borrowed before June 1, 1932, all that the insurers would lend. On that day he delivered and assigned all the policies to four trustees upon trust to hold them until they became payable and then to collect them and hold the proceeds as the principal of a trust fund. The deed gave power to the trustees to use all dividends declared to pay premiums and interest on the loans and to borrow upon the policies for the same purpose. Furthermore and most important of all, it was stipulated that the gift of policies “was motivated solely by the decedent’s desire to avoid estate taxes and was not otherwise made in contemplation of death within the meaning of the Revenue Acts of 1926 and 1932 as amended or of the regulations thereunder.” We have no stipulation of facts in the instant case or finding of fact that the decedent made the transfers solely to avoid estate taxes. If we did have such a stipulation of fact or finding, then of course we would hold that the value of the entire property transferred to Trust No. 1 and not just the insurance policies and three-tenths of the securities should be included in decedent’s estate. See Estate of Frank A. Vanderlip, 3 T. C. 358; affd., Vanderlip v. Commissioner, supra. First Trust & Deposit Co. v. Shaughnessy, supra, is distinguishable on the same ground as the VanderUp case. In fact, in the Vanderlip case we relied on the First Trust & Deposit Co. case as one of the controlling authorities. In Thomas v. Graham, supra, the Fifth Circuit reversed the United States District Court for the Northern District of Texas and held that decedent’s community interest in certain securities and policies of insurance transferred to a trust by decedent and his wife on October 12, 1936, were includible as a part of decedent’s estate under section 811 (c) on two grounds, (1) because of a possibility of reverter by operation of law and (2) because the transfer was made in contemplation of death. The holding of the court on the second ground was briefly stated and was based on the finding that the deed of trust was nothing more than a substitute for a testamentary disposition of the property within the meaning of the statute and section 81.16 of Treasury Regulations 105. If the language of the court in this Thomas v. Graham case, supra, is to be construed as holding that the mere fact that insurance policies are transferred to a trust to be collected on decedent’s death and become a part of the corpus of the trust means that such a transfer is made in contemplation of death and the proceeds of the policies must be included as a part of decedent’s estate, then, with all due respect to the court, we think the court is wrong and its decision is contrary to the weight of authority, particularly the reasoning of the Supreme Court in United States v. Wells, supra. For the foregoing reasons, we respectfully dissent from the majority opinion.